IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON  DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| CRAIG CRAWFORD and | § | |
| LISA CRAWFORD | § | CASE NO. 05-91934-H2-7 |
| _____ | § | |
| | § | |
| THE OFFICIAL COMMITTEE OF | § | |
| UNSECURED CREDITORS OF THE | § | |
| PROJECT GROUP, INC., | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | ADVERSARY NO. 06-3375 |
| | § | |
| CRAIG CRAWFORD and | § | |
| LISA CRAWFORD, | § | |
| Defendants | § | |
| _____ | § | |
| | § | |
| CHARLSIE IDOL, | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | ADVERSARY NO. 06-3369 |
| | § | |
| THE PROJECT GROUP, INC. | § | |
| CRAIG CRAWFORD, and | § | |
| PRO SQUARED, INC., | § | |
| Defendants | § | |

**MEMORANDUM OPINION
CONCERNING DEADLINE FOR FILING OBJECTIONS
TO DISCHARGE AND TO DISCHARGEABILITY OF DEBTS
WHEN CLERK OF COURT HAS AFFIRMATIVELY MISSTATED THE DEADLINE**

      In three separate motions, the parties to this bankruptcy case have postured for decision the determination of the deadline for objecting to discharge and to dischargeability of debts when the clerk of court has given notice of a date that is different from the one computed under the Federal Rules of Bankruptcy Procedure (FRBP).  For reasons set forth below, the Court concludes that the deadline in this case was extended by the clerk's notice.  Because the same issue is raised in 3 different pleadings, the Court directs the Clerk to enter this memorandum in the two adversary

proceedings and in the main case.[1]  By separate orders, the motions to dismiss in the adversary proceedings are denied and the motion in the main case for extension of time to file an objection to discharge is granted.

FACTS

The April 17 Deadline

Craig and Lisa Crawford ("Debtors") filed a voluntary petition initiating their chapter 7 bankruptcy case on October 14, 2005.  Prosecution of the case was delayed because Debtors did not file their list of creditors or disclose their social security number until January 12, 2006, three months late.[2]  The chapter 7 Initial Trustee was appointed and the Clerk of Court sent notice that the Initial Creditors' Meeting would be held on February 16, 2006.  The Clerk's notice stated that the deadline for filing objections to granting a bankruptcy discharge and for filing objections to dischargeability of specific debts would be April 17, 2006.[3]

The May 8 Deadline

On February 15, 2006, the Initial Trustee rejected his appointment and was removed from the case.  The Initial Trustee had neither received nor administered any property and had taken no other action in the case.[4]  A Successor Trustee was appointed on February 16.  On the same day, the Clerk of Court sent out a notice that the creditors' meeting would be held on March 7, 2006.  The Clerk's notice, contrary to provisions of the FRBP, stated that the deadline for filing objections to

---

[1]  Unless otherwise indicated, references to docket entries in this opinion refer to docket entries in the main case, Case Number 05-91934, not to docket entry numbers in the adversary proceeding dockets.

[2]  *See* docket # 6, docket entry of December 20, 2005, and two unnumbered docket entries on January 12 labeled as amended declarations of electronic filing.  The list of creditors and the social security number must be filed with the petition, Bankruptcy Code § 521, Federal Rules of Bankruptcy Procedure (FRBP) 1007.  The plaintiff in one of the adversary proceedings complains of Debtors' default as an additional reason to extend the deadline.  The Court disagrees.  Although the tardy filing explains why the Clerk did not set and did not give notice of the creditors' meeting as promptly as required by statute and rules, the late filing of these documents does not affect the decision in this case, because the deadlines are computed from the "first date set" for the creditors' meeting.  Since the creditors' meeting could not be, and was not, set until after these documents had been filed, the tardy filing does not affect the deadline addressed in this memorandum.

[3]  Docket # 24.

[4]  Docket # 33.

granting a bankruptcy discharge and for filing objections to dischargeability of specific debts would be May 8, 2006.[5]

In short, the Clerk of Court sent out two notices in this case. The first notice said that the deadline was April 17 and the second notice said that the deadline was May 8.

PENDING MOTIONS

The Motion in the Main Case to Extend the Deadline or To Dismiss the Case

On May 1, 2006, the Successor Trustee filed a motion[6] (i) to extend the deadline for objecting to Debtors discharge, or alternatively, (ii) to dismiss the case. The motion alleges that Debtors were "instructed" at the March 7 creditors' meeting to turn over certain documents to the Successor Trustee; it further alleges that Debtors had not turned over all of the documents. The motion references the May 8 date announced by the Clerk as the deadline for filing objections to discharge, and asks the Court to extend that deadline to June 8. The motion further states: "Alternatively, if for any reason the request for extension of time is denied, the Trustee requests that the Court dismiss this case for Debtors' failure to provide all requested information to the Trustee."

Debtors object to the relief sought by the Successor Trustee.[7]

Debtor's Motion to Dismiss Adversary 06-3369

On May 5, Charlsie Idol filed adversary proceeding 06-3369 objecting to dischargeability of her alleged claims against debtor Craig Crawford. Ms. Idol alleges that Crawford was President of The Project Group, Inc. their mutual employer, and that Crawford terminated Idol's employment as Controller because Idol blew the whistle on Crawford's allegedly fraudulent and wrongful conduct. Ms. Idol also alleges that Crawford defamed her by making false reports about her to the Texas State Board of Public Accountancy and that Crawford harassed her by false statements related to the National Gay and Lesbian Task Force. Ms. Idol asserts that her claims are not dischargeable in bankruptcy because her claims allegedly arise out of willful and malicious injuries, Bankruptcy Code § 523(a)(6). Finally, Ms. Idol asserts that her claims arise under the Sarbanes-Oxley Act and therefore the claims are securities claims that are not dischargeable under Bankruptcy Code § 523(a)(19).

Debtors have filed a motion to dismiss the adversary proceeding, alleging that it was filed after the deadline established in FRBP 4007(c), which was correctly computed by the Clerk in the

---

[5] Docket # 36.

[6] Docket # 61.

[7] Docket # 68.

first notice of the creditors meeting.  Debtors contend that the Clerk's second notice is not authorized by the FRBP, and that the Clerk's notice cannot extend the deadline.

Ms. Idol does not deny receiving the first notice from the clerk, but asserts that she reasonably relied on the clerk's second notice with the incorrect statement of the deadline date.[8]

Debtors' Motion to Dismiss Adversary Proceeding 06-3375

On May 8, the unsecured creditors' committee of The Project Group, Inc.[9] filed adversary proceeding 06-3375 objecting to issuance of any discharge for either of the Debtors.  The complaint alleges that Debtors have transferred, removed, destroyed, or concealed assets with the intent to hinder, delay, or defraud a creditor or the chapter 7 Successor Trustee of their estates, Bankruptcy Code § 727(a)(2).  The complaint also alleges that Debtors made a false oath in connection with the case, Bankruptcy Code § 727(a)(4).

Debtors have filed a motion to dismiss the adversary proceeding, alleging that it was filed after the deadline established in FRBP 4004(a), which was correctly computed by the Clerk in the first notice of the creditors meeting.  Debtors contend that the Clerk's second notice is not authorized by the FRBP, and that the Clerk's notice cannot extend the deadline.

The unsecured creditors' committee alleges that it was not listed in the Debtors' schedules or list of creditors, that it did not receive the first notice from the clerk, that it filed a Notice of Appearance on February 8, and that it received only the second notice from the clerk with the incorrect deadline.[10]

FEDERAL RULES OF BANKRUPTCY PROCEDURE

The Bankruptcy Code does not itself set a deadline for filing objections to discharge or objections to dischargeability of debt.  Those deadlines are set in the FRBP.

FRBP 4004(a) and (b) state:

> ... [A] complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)... At least 25 days' notice of the time so fixed shall be given ... [by the clerk] ...

---

[8]  Adversary proceeding 06-3369 docket # 6.

[9]  The Project Group, Inc. ("TPG") is the company that employed Craig Crawford and Charlsie Idol.  TPG is a debtor in its own bankruptcy case.

[10]  Docket # 70, paragraph 17.

> On motion of any party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge. The motion shall be filed before the time has expired.

FRBP 4007(c) states:

> A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The Court shall give all creditors no less than 30 days' notice of the time so fixed ... On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

The "first date set" language in these rules is a 1999 amendment. Prior to 1999 there was a split in the jurisprudence concerning the effect of rescheduling a creditors' meeting or continuing the initial meeting to a later date. The Judicial Conference Advisory Committee on Bankruptcy Rules proposed the amendment to FRBP 4004(a) to make it clear that the deadline was measured from the first date set for the meeting, not any reset commencement or delayed completion date. The Advisory Committee notes state:

> Subdivision (a) is amended to clarify that, in a chapter 7 case, the deadline for filing a complaint objecting to discharge under § 727(a) is 60 days after the first date set for the meeting of creditors, whether or not the meeting is held on that date. The time for filing the complaint is not affected by any delay in the commencement or conclusion of the meeting of creditors.

An identical Advisory Committee note annotates the 1999 amendment of FRBP 4007(c).

FRBP 9006(b) specifies which deadlines the Court may extend, which deadlines the Court may not extend, and which deadlines the Court may extend only within certain limitations. Rule 9006(b)(3) states:

> ENLARGEMENT LIMITED. The court may enlarge the time for taking action under Rules ... 4004(a) [and] 4007(c) ... only to the extent and under the conditions stated in those rules.

ANALYSIS

Firm, But Not Jurisdictional

Although the Supreme Court has not directly ruled on whether equitable principles allow extension of deadlines in FRBP 4004 and 4007, it has issued rulings that are related. The Supreme

Court has held that FRBP deadlines for objections to exemptions, are inflexible, even when extensions might be justified by debtor misconduct: *Taylor v. Freeland & Kronz* 503 U.S. 638 (1992). The Supreme Court did not rule that the deadline was jurisdictional and expressly did not rule on whether the bankruptcy judge could extend the deadline under authority of Bankruptcy Code § 105. In a subsequent case the Supreme Court ruled that the deadline for objecting to discharge is not jurisdictional; it can be waived: *Kontrick v. Ryan* 540 U.S. 443 (2004). But in that case the Supreme Court expressly declined to rule on whether there were any exceptions other than waiver that might extend the deadline for filing objections to discharge.

<u>Courts of Appeal are Unanimous that Clerks' Affirmative FRBP 4004 Errors Allow Late Filing</u>

Clerks of court make more errors than one might expect. A number of courts of appeal have addressed affirmative misstatements by clerks concerning FRBP 4004 deadlines. *Collier on Bankruptcy, 15th Ed. Rev.* ¶ 4004.02[3][b] states:

> The courts have not strictly adhered to the rule if the court itself has given confusing or incorrect notice of the deadline. This sometimes occurs when a second notice of the creditor's meeting is sent and contains a deadline different from that stated in the first notice. Thus, for example, in *Themy v. Yu (In re Themy)* [6 F.3d 688 (10th Cir. 1993)] the creditors' meeting was continued to permit the debtor to file amended schedules. The bankruptcy court sent out a new notice of the continued meeting, stating a deadline for filing objections to discharge which was incorrect under the rule. The Court of Appeals for the Tenth Circuit held that the bankruptcy court was permitted to hear the untimely filed complaint because the tardiness was caused by the court's own error and courts have inherent authority to correct their own mistakes. A similar problem occurred in *In re Anwiler* [958 F.2d 925 (9th Cir. 1992)]. After the debtor's case was transferred to another district a second notice of the section 341 meeting was sent out, stating a later date for objections to discharge than the original notice had stated. The Court of Appeals for the Ninth Circuit held that the bankruptcy court should have exercised its equitable powers to excuse the tardy filing of the complaint in order to correct its own mistake. The Court of Appeals for the Sixth Circuit came to the same conclusion in similar circumstances. [*In re Isaacman,* 26 F.3d 629 (6th Cir. 1994)]

The Court of Appeals for the Eighth Circuit reached the same conclusion: *In re Moss*, 289 F.3rd 540 (8th Cir. 2002).

For a bankruptcy court decision on point, *see In re Hershkovitz*, 101 B.R. 816 (N.D. Ga. 1989). In that case, the clerk issued a first notice of the deadline for objection to discharge; the trustee resigned; a successor trustee was appointed; the clerk issued a second notice with a new

deadline for objection to discharge; and a creditor, relying on the date in the second notice, filed an objection.  The district court held on appeal that the objection was allowed.  *In re Riso* 57 B.R. 789 (D.N.H. 1986), cited by the Fifth Circuit in *Neeley v. Murchison*, *discussed infra*, stands for the same proposition.[11]

## Courts of Appeal Decisions Regarding FRBP 4007(c) Are Not So Directly on Point

The Court has not been able to find a case interpreting FRBP 4007(c) that involves an affirmative misstatement of the deadline by the clerk of court.  There are cases, however, that involve the clerk's failure to give adequate notice.

Three courts of appeal have held that if a creditor has actual notice of the bankruptcy case in time to file an objection to dischargeability of the debt, then the deadline applies even if the clerk has failed to give notice of the deadline.  In *In re Alton*, 837 F.2d 457 (11th Cir. 1988) the creditor received timely notice that the bankruptcy case had been filed, but the debtor did not list the creditor in his bankruptcy schedules and therefore the clerk of court did not send the creditor a notice of the deadline.  The Court of Appeals for the Eleventh Circuit held that the creditor had notice of the case, that it was the creditor's duty to determine the deadline, and that failure to give notice of the deadline did not extend the deadline.  *Accord: Neeley v. Murchison, discussed infra,  In re Rhodes,* 61 B.R. 626 (9th Cir. BAP 1986).

Other courts have held that the deadline may be extended for cause.  In *In re Maughan,* 340 F.3d 337 (6th Cir. 2003) the Court of Appeals for the Sixth Circuit held that the deadline was not jurisdictional, that the bankruptcy judge has discretion under Bankruptcy Code § 105 to extend the deadline, even after it had expired, and that the bankruptcy judge did not abuse his discretion when he extended the deadline because the debtor had failed to provide documents as the judge had ordered.

## Analysis by the Court of Appeals for the Fifth Circuit

The most nearly applicable decision by the Court of Appeals for the Fifth Circuit is *Neeley v. Murchison,* 815 F.2d 345 (5th Cir. 1987).  In that case the clerk issued the official form that gave notice of the creditors' meeting, but the space where the clerk should have inserted the deadline for objections to dischargeability of debts was left blank.  When the creditor inquired, the clerk's staff informed the creditor that "no dischargeability date had been set."  *Neeley* at 345.  The court held that the creditor had notice of the bankruptcy proceeding and had time to file its objection.  Therefore, the court upheld the deadline and dismissed the objection to dischargeability of the debt.

---

[11]  But *In re Gardner*, 55 B.R. 89 (Bankr. D.D.C. 1985) stands for the opposite proposition.  However, unlike *Gardner*, in the present case, no meeting was actually held on the "first date set" and no meeting could have been held on that date because there was no trustee to preside.

However, the Fifth Circuit went to great pains to differentiate between "no information" from the clerk and "affirmative but erroneous notice of a bar date" from the clerk.  In footnote 5, the Fifth Circuit stated that the "case is not one in which the clerk gave an affirmative but erroneous notice of a bar date upon which the creditor might reasonably have relied."  *Id.* at 347.   The creditor in *Neeley* apparently did not argue that the clerk gave conflicting or erroneous information, but merely that the clerk failed to give the required 30 days notice of the deadline.[12]

In *Coston v. Bank of Malvern*, 987 F.2d 1096 (5th Cir. 1992) the Fifth Circuit held that the deadline was extended beyond 60 days after "the first date set" for the 341 meeting when the proceedings were stayed due to the pendency of a related action in another state.  The court held that the 60 day deadline ran from the <u>second</u> setting of the 341 meeting.

In *In re Dunlap*, 217 F.3d 311 (5th Cir. 2000) the 341 meeting was set, then the case was dismissed, then the bankruptcy judge vacated the order dismissing the case, and a second 341 meeting was set.  The Fifth Circuit applied what it termed the *Coston* rule and held that the "first date set" for a creditors meeting does not mean the date set in the first notice if circumstances (like dismissal or an order of abatement) occur that prevent a creditor from filing a timely complaint objecting to discharge.

CONCLUSION

The jurisprudence that directly addresses a clerk of court's affirmative misstatements of the deadline all relate to the deadline for filing objections to discharge, not objections to dischargeability of debt.  But even though the deadlines are established by separate rules in the FRBP, the language of the rules, the computation of the deadline, and the reasons for the rule are identical.  Therefore, the logic of the decisions applies to deadlines for both.

Read together, the decisions by the Court of Appeals for the Fifth Circuit hold that creditors must meet the deadline set by the rule if they have timely notice of the case and if it is possible for them to do so.  But the fact that Court of Appeals for the Fifth Circuit has found two exceptions to the deadline indicates that the deadline is not a jurisdictional, absolute, immutable deadline.

Although the Court of Appeals for the Fifth Circuit has not specifically ruled on a fact pattern that involves a clerk's "affirmative misstatement", the Court concludes that the Fifth Circuit would

---

[12]   In *Neeley* the Court of Appeals for the Fifth Circuit discussed the origins of the requirement that the clerk give notice of the deadline.  The court relied heavily on the fact that, prior to FRBP 4007, the court established the deadline and the notice from the clerk was essential to knowing what the deadline was.  But, FRBP 4007 changed that.  After that change, the rule sets the deadline and the clerk's notice merely gives information.  The *gravemen* of *Neeley* is that <u>failure</u> to supply information does not extend the deadline but <u>misinformation</u> may extend it, or may be grounds to exercise § 105 powers to extend the deadline.

follow the Sixth, Eighth, Ninth, and Tenth circuits in holding that an affirmative misstatement of the deadline extends the deadline (i) because the Fifth Circuit has found two exceptions to the deadline and (ii) because the Fifth Circuit has suggested as much in *Neeley* footnote 5.

Separate orders have been issued effecting this conclusion.

SIGNED  August 2, 2006

_____
WESLEY W. STEEN
UNITED STATES BANKRUPTCY JUDGE